UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.,

    Plaintiff,

v.

ALLAN POLLARD,

    Defendant.

Civil Action No. TDC-13-2081

**MEMORANDUM OPINION**

Before the Court in this action to confirm an arbitration award is Plaintiff Choice Hotels International, Inc.'s unopposed Motion for Summary Judgment. ECF No. 12. Having reviewed the pleadings, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the Motion is GRANTED, and the arbitration award is CONFIRMED.

**BACKGROUND**

On March 31, 2007, Defendant Allan Pollard ("Pollard") and Moon Lake, Inc. ("Moon Lake") entered into a 20-year franchise agreement with Plaintiff Choice Hotels International, Inc. ("Choice") to construct and operate a 110-room Clarion Hotel in Summerton, South Carolina. Mot. Sum. J. at 1; *see id.*, Ex. A (Franchise Agreement). That agreement contains two provisions relevant to the present motion. The first is a premature termination clause, which obligates Pollard and Moon Lake to pay Choice a sum in liquidated damages if the Agreement is prematurely terminated due to default. *Id.*, Ex. A ¶ 10(d)(2). The Agreement specifies that in the event of termination prior to the opening of the hotel, those damages are to be calculated as "the product of (x) the Rentable Rooms, multiplied by (y) $45.00, multiplied by (z) the Remaining Months [of the franchise agreement], not to exceed 36 months." *Id.*, Ex. A ¶

10(d)(2). The second relevant provision is an arbitration clause, which obligates the parties to resolve "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement" through "final and binding arbitration[.]" *Id.*, Ex A ¶ 22. The agreement also specifies that the prevailing party in arbitration is entitled to recover reasonable costs and interest of 1.5 percent per month on any unpaid award balance. *Id.*, Ex. A ¶¶ 4(e), 17.

The deadline for Pollard and Moon Lake to begin construction of the hotel was March 30, 2010, with construction to be completed by July 30, 2011. Mot. Sum J. Ex. A ¶ 23(c)(2)-(3). When Pollard and Moon Lake failed to meet the March 30, 2010 deadline, Choice informed Pollard and Moon Lake of this deficiency on April 21, 2010 and issued a formal Notice of Default on June 16, 2010. *Id.*, Exs. B-C. On October 20, 2010, in the absence of any action by Pollard or Moon Lake to address the notice of default or commence construction of the hotel, Choice sent a Notice of Termination to Pollard and Moon Lake demanding $178,200.00 in liquidated damages (110 rentable rooms multiplied by $45.00, multiplied by 36 [months]). *Id.*, Ex. D. Pollard and Moon Lake did not respond to the Notice or pay the demanded damages.

On April 24, 2012, Choice filed and served on Pollard and Moon Lake a demand for arbitration seeking the $178,200.00 in liquidated damages. Pollard and Moon Lake were sent notices of the arbitration proceedings but did not appear. *Id.*, Ex. E. On November 15, 2012, the arbitrator awarded Choice $178,200.00 in liquidated damages and $5,660.00 in arbitration fees, for a total of $183,860.00, plus post-judgment interest as specified in the contract until the award is paid. *Id.* A copy of the arbitrator's determination was mailed by the American Arbitration Association to Pollard and Moon Lake that same day. *Id.*, Ex. F.

On July 19, 2013, Choice filed suit in this Court against Pollard and Moon Lake seeking to confirm the arbitration award. ECF No. 1. Pollard was served with the Complaint on

November 15, 2013. On November 27, 2013, Pollard, proceeding *pro se*, filed an Answer, ECF No. 6, admitting that he and Moon Lake entered into a franchise agreement with Choice and that construction on the hotel never commenced, which he explained was a result of his inability to get adequate financing for the venture. Ans. ¶¶ 5-7. He noted that, as a result of those financing difficulties, the site for the hotel was foreclosed upon in 2008, and Moon Lake is now wholly defunct. *Id.* ¶¶ 8-9. As to the arbitration proceedings, Pollard asserted that he failed to appear for the arbitration proceedings because he "had not be[en] given notice" of them. *Id.* ¶ 13. Pollard admitted that "James O. Hale was served as Registered Agent for Defendant Moon Lake," but contended that at the time of the hearing, Hale was neither "Defendants' ... attorney nor Registered Agent" and that he did not have contact information for Pollard. *Id.* ¶ 14. On January 15, 2014, Choice voluntarily dismissed its claims against Moon Lake. ECF No. 8. On October 6, 2014, Choice filed the present Motion. Pollard has not filed a Response to the Motion.

## DISCUSSION

Under Federal Rule of Civil Procedure 56(a), the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), who has the burden of showing that a genuine dispute exists, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The scope of a federal district court's review of an arbitrator's award is "severely circumscribed," and is, in fact, "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having

arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). Thus, where there is a valid contract between the parties providing for arbitration, and the arbitration resolved a dispute within the scope of the arbitration clause, federal courts may vacate an arbitration award only upon a showing of one of the grounds set forth in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law. *Id.* Section 10 of the Federal Arbitration Act limits review to the following grounds: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or misconduct on the part of the arbitrator; (3) the arbitrators were guilty of misconduct that prejudiced the rights of a party; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10.

Here, it is not disputed that there is a valid contract between the parties, that the contract contains an arbitration clause, that Pollard and Moon Lake breached the contract, that the breach was in the scope of the arbitration clause, and that the arbitration resolved the conflict arising from that breach. Nor is there anything in the record that casts doubt on the integrity of the arbitrator's determination. The arbitrator's calculation of damages matches the calculation specified in the contract, and there are no allegations of any impropriety in the arbitration proceedings.

Although Pollard asserted in his Answer that he was not properly notified in advance of those proceedings, Choice has submitted evidence that Pollard was so notified, Mot. Sum. J., Ex. E, while Pollard has submitted no contrary evidence in conjunction with this Motion. Thus, the Court may properly determine this issue in favor of Choice and find there was no failure to notify.

Even absent such a finding, any lack of notice of the arbitration proceedings does not prevent confirmation of the arbitration award. Construed liberally, Pollard's assertion can be read as a motion to vacate, modify, or correct the award, pursuant to 9 U.S.C. § 12. That challenge, however, would be time-barred. Under 9 U.S.C. § 12, Pollard had three months from the date the arbitrator's determination was delivered to file a motion to vacate, modify, or correct the award. This time limit is a strict one. *See Taylor v. Nelson*, 788 F. 2d 220, 225 (4th Cir. 1986) (approving, although not expressly adopting, the Second Circuit's determination that the three-month time limit is not subject to equitable tolling) (citing *Florasynth, Inc. v. Pickholz*, 750 F.2d 171 (2d Cir. 1984)); *Parsons, Brinckerhoff, Quade & Douglas, Inc. v. Palmetto Bridge Constructors*, 647 F. Supp. 2d 587, 594 (D. Md. 2009) ("The Fourth Circuit has strongly intimated—but has stopped short of explicitly holding—that there are no equitable exceptions to the three-month limitations period set forth in the Federal Arbitration Act.").

Here, the American Arbitration Association sent Pollard a copy of the arbitrator's determination on November 15, 2012. Mot. Sum. J., Ex. F. Because Pollard nowhere asserts that he did not timely receive that determination, it is reasonable to assume Pollard received the notice soon after it was sent. Pollard therefore had until mid-February 2013 to file a motion to vacate, modify, or correct that determination. When Pollard filed his Answer in this case in late November 2013, more than one year after the arbitration proceeding, and more than nine months after the time to contest the arbitration award had elapsed, any challenge to the validity of the arbitration determination was already time-barred.

Apart from this issue, the record and Pollard's own factual averments establish the validity of the arbitration award. As noted, there are no material facts about the terms or breach of the contract in dispute, and no suggestion that the arbitrator acted improperly or in manifest

disregard of law. There is thus nothing within this Court's circumscribed scope of review that would warrant vacating the award.

## CONCLUSION

For the foregoing reasons, Choice's Motion for Summary Judgment is GRANTED and the arbitration award of $183,860.00 plus interest, accrued on the unpaid amount at the rate of 18 percent per annum and calculated from December 15, 2012 until the award is paid, is CONFIRMED.

Date: April 13, 2015

THEODORE D. CHUANG
United States District Judge